IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP J. KENNEDY,
      Plaintiffs,

vs.                               Case No.: 3:11cv51/MCR/EMT

JOHN GLASSMAN, et al.,
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

      Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Plaintiff also filed a motion to proceed in forma pauperis (Doc. 2).  For the limited purpose of dismissal of this action, leave to proceed in forma pauperis shall be granted.

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  However,

such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See* <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Marrero v. City of Hialeah</u>, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  <u>Weissman v. Nat'l Ass'n of Sec. Dealers</u>, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing <u>Associated Builders, Inc.</u>, 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* <u>Bell Atl. Corp.</u>, *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that dismissal of this action is warranted.

I.      RELEVANT ALLEGATIONS

Plaintiff purports to bring this action on behalf of his mother, Simone Sakey, who is the ward of a guardianship established in the Circuit Court in and for Escambia County, Florida (*see* Doc. 1). Plaintiff names five Defendants in this action:  John Glassman, an attorney appointed to represent Ms. Sakey in the guardianship proceedings; Jean-Pierre Sakey, Ms. Sakey's appointed guardian and Plaintiff's brother; Lois Lepp, Jean-Pierre Sakey's attorney; Keith McIver, the magistrate judge who presided over the guardianship proceeding; and Ruby Lewis, the Director of Social Services of the University Hills Health and Rehabilitation Center, the care facility where Ms. Sakey resides (Doc.

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

1 at 1, 2). Plaintiff states that on June 24, 2008, a hearing was held to determine whether a guardianship should be established for Ms. Sakey's person and property (*id.* at 3). Plaintiff states Ms. Sakey was not permitted to attend the hearing (*id.*). Additionally, Attorney Glassman, her appointed attorney, did not attend the hearing due to illness, nor did he send a representative on his behalf (*id.*). Plaintiff states Magistrate Judge McIver, at Attorney Lepp's request, granted the guardianship and appointed Jean-Pierre Sakey as Ms. Sakey's guardian (*id.*). Plaintiff states he requested that Magistrate Judge McIver postpone the hearing to enable Ms. Sakey or her counsel to be present, but the request was denied (*id.*). Plaintiff additionally states that prior to the hearing, he requested permission to bring Ms. Sakey to the hearing, but his request was denied because Ms. Lewis (the Director of Social Services at the care facility where Ms. Sakey resides) placed an order in Ms. Sakey's chart (at the request of Jean-Pierre Sakey) that she was not to leave the care facility (*id.*).

Plaintiff contends Defendants denied Ms. Sakey's due process rights guaranteed by the Fourteenth Amendment by refusing to permit her to attend the initial hearing or any subsequent hearings concerning the guardianship (*id.* at 4). As relief, he seeks revocation of the guardianship and release of Ms. Sakey's person to his care (*id.*).

II.     ANALYSIS

As a threshold matter, Plaintiff is not authorized to bring a civil suit on behalf of Ms. Sakey. Only Jean-Pierre Sakey, Ms. Sakey's legally appointed guardian, is authorized to do so. Therefore, Plaintiff's claims made on behalf of his mother are not properly before the court. *See* Murray v. Milwaukee County, 341 Fed. Appx. 213, 214, 2009 WL 2461253, at *1 (7th Cir. 2009) (unpublished) (plaintiff/mother's claims on behalf of disabled daughter not properly before district court, since only daughter's legally appointed guardian could bring suit on her behalf) (citing Struck v. Cook County Pub. Guardian, 508 F.3d 858, 859 (7th Cir. 2007)).

Additionally, even liberal construction of the complaint does not show a basis for relief under § 1983.[2] Plaintiff does not allege he was deprived of his right (as an interested person) to be present

---

[2] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

at the guardianship proceedings. Therefore, the facts fail to show a due process violation. Moreover, in order to prevail in a section 1983 action, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for a private party to be considered a state actor one of three conditions must be met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state ("public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citation omitted).

In the instant case, there is no question that Defendant Jean-Pierre Sakey, the son of Ms. Sakey, was acting as a private party in the guardianship proceedings. Furthermore, Defendant Lepp was acting as attorney for Defendant Jean-Pierre Sakey, a private party, when she filed motions, presented evidence, and otherwise appeared on behalf of her client. Additionally, Defendant Glassman, attorney for Ms. Sakey, was acting as a private party in his representation of Ms. Sakey, despite the fact that he was appointed by the state court. *See* Polk County v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981) (neither private attorneys nor attorneys employed as public defenders act under color of state law when they represent clients); Christian v. Crawford, 907 F.2d 808, 810 (11th Cir. 1990). Finally, Defendant Lewis, the Director of Social Services at the care facility where Ms. Sakey resides, was acting as a private party (and pursuant to the request of Jean-Pierre Sakey, Ms. Sakey's guardian) when she instructed staff of the care facility not to permit Ms. Sakey to leave. None of the three conditions required to hold private parties liable as state actors is met, and Mr. Jean-Pierre Sakey, Attorney Lepp, Attorney Glassman, and Ms. Lewis are not state actors. Therefore, Plaintiff has failed to state a claim under section 1983 as to Defendants Jean-Pierre Sakey, Lepp, Glassman, and Lewis.

Additionally, Plaintiff cannot recover against Magistrate Judge McIver. Judges acting in their judicial capacity are absolutely immune from damages suits. <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526–27, 105 S. Ct. 2806, L. Ed. 2d 411 (1985)); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* <u>Sun v. Forrester</u>, 939 F.2d 924, 925–26 (11th Cir. 1991). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); <u>Mireles</u>, 502 U.S. at 11; <u>Forrester v. White</u>, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Mireles</u>, 502 U.S. at 11 (citing <u>Stump</u>, 435 U.S. at 362); *see also* <u>Simmons v. Conger</u>, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." <u>Mireles</u>, 502 U.S. at 13 (citing <u>Stump</u>, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. <u>Stump</u>, 435 U.S. at 355–57; *see also* <u>Mireles</u>, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. <u>Simmons</u>, 86 F.3d at 1084–85 (citing <u>Stump</u>, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. <u>Dykes v. Hosemann</u>, 776 F.2d 942, 946–47 (11th Cir. 1985) (citations omitted). Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. <u>Stump</u>, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. <u>Harper v. Merckle</u>, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial

acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. <u>Stump</u>, 435 U.S. at 357 (quotation omitted).

Turning to the instant case, the conduct of which Plaintiff complains, specifically, Magistrate Judge McIver's denying Plaintiff's request for a continuance and conducting the guardianship proceedings without Ms. Sakey's presence or representation, as well as Magistrate Judge McGiver's entering an order establishing the guardianship and appointing Jean-Pierre Sakey as guardian, are quintessential judicial functions. Furthermore, as Plaintiff was an interested person in the case over which Magistrate Judge McIver presided (*see* Doc. 1 at 5–6), Plaintiff was dealing with Magistrate Judge McIver in his judicial capacity. Moreover, Plaintiff does not allege, nor do the facts suggest, that Magistrate Judge McIver acted in the complete absence of jurisdiction to hear the guardianship matter. Therefore, judicial immunity shields Magistrate Judge McIver from suit.

Moreover, Plaintiff is not entitled to declaratory or injunctive relief. To receive declaratory or injunctive relief, a plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and that there is an absence of an adequate remedy at law. *See* <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000). Here, Plaintiff has adequate remedies at law. Any final order in the guardianship case that was adverse to him may be appealed under Florida law to an appropriate state appellate court. *See* Fla. Prob. R. 5.100; Fla. R. App. P. 9.110(a)(2). Additionally, the Florida Probate Rules provide that proceedings for removal of a guardian may be instituted by any interested person. *See* Fla. Prob. R. 5.660. Thus, Plaintiff is not entitled to declaratory or injunctive relief.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 14th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**